IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| DANIEL COOPER | § | |
| | § | CIVIL ACTION NO. _____ |
| VS. | § | |
| | § | Judge _____ |
| UNION PACIFIC CORPORATION | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### A. Parties

1. Plaintiff, Daniel Cooper, is an individual citizen of the State of Texas.

2. Defendant, Union Pacific Corporation ("UP"), is a Utah corporation doing business in the State of Texas  UP may be served with process by delivery to its registered agent in Texas, CT Corporation System, 350 North St. Paul Street, Ste. 2900, Dallas, Texas 75201-4234.

### B. Jurisdiction

3. The court has jurisdiction over the lawsuit under the federal question jurisdiction 28 U.S.C. § 1331 because some of the civil actions alleged arise under federal laws prohibiting employment discrimination based on race pursuant to 42 U.S.C. § 2000e.

### C. Venue

4. Venue is proper in this district under 42 U.S.C. §2000e-5(f)(3) because the alleged unlawful employment practice was committed in this district. The plaintiff worked for defendant at its location in Beaumont, Texas, which is within this district. The unlawful employment practices occurred at that location.

### D. Exhaustion of Administrative Remedies

5. Plaintiff timely filed a charge of discrimination against defendant with the Equal

Employment Opportunity Commission ("EEOC"). Plaintiff files this complaint within 90 days after receiving a notice of the right to sue from the EEOC. A copy of the notice of the right to sue is attached as Exhibit A.

### E. Racial Discrimination Under Title VII

6.   Plaintiff is a white male employee protected under Title VII, 42 U.S.C. §2000e(f).

7.   Defendant is an employer within the meaning of Title VII, 42 U.S.C. §2000e(b).

8.   Defendant intentionally discriminated against plaintiff because of his race in violation of Title VII, U.S.C. §2000e-2 by denying employment opportunities and treating plaintiff differently than employees of other races.

9.   Plaintiff was hired by defendant on or around November of 2011. Plaintiff entered employment as a trainee. After he passed his switchman/brakeman tests, he worked for defendant as a brakeman while he continued his conductor training.

10.  Plaintiff and a fellow black trainee where the only ones in their class to pass their conductor's test on the first attempt. While the others in their class had to retake the conductor's test, plaintiff and the black trainee advanced to take the air brake test. The instructor, a black male, gave them both the wrong test. The test did not cover the subject the trainees had studied. The instructor helped the black trainee with his test, even providing answers. Plaintiff was not afforded the same help. After plaintiff scored an 85% on the wrong test, he was told he was fired because he had not scored a 90%. Plaintiff informed the instructor that he had not been given the correct test, and that the instructor knew it. The instructor refused to allow plaintiff to take the correct test and fired him.

11.  Defendant discriminately tested and failed plaintiff because of his race, which resulted in plaintiff's termination. Defendant's intentional discrimination resulted in adverse

employment action against plaintiff.

## F. Damages

12. As a direct and proximate result of defendant's conduct, plaintiff has suffered damages and losses entitling him to the following remedies:

   a. Back pay, including that amount of wages and employment benefits plaintiff would have earned if he had not been subjected to defendant employer's unlawful conduct less any wages, unemployment compensation benefits, or worker's compensation benefits he received in the interim. ("Employment benefits" include sick leave pay, vacation pay, profit sharing benefits, stock options, pension fund benefits, housing or transportation subsidies, bonuses, monetary loses incurred as a result of loss of health, life, dental, or similar insurance coverage.);

   b. Reinstatement;

   c. Front pay, if reinstatement is inappropriate.

   d. Compensatory damages in the past, which include emotional pain and suffering, inconvenience, mental anguish, expenses incurred in seeking other employment, and loss of enjoyment of life; and

   e. Compensatory damages in the future, which include economic losses, emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

## G. Attorney Fees

13. Plaintiff is entitled to an award of attorney fees, including expert fees, and costs under 42 U.S.C. § 12205 and/or 42 U.S.C. § 2000e-5(k).

## H. Additional Damages

14. In addition to the previously alleged damages (which plaintiff alternatively seeks under this cause of action) plaintiff seeks exemplary damages for defendant's malicious actions, clearly arising from ill will, reckless indifference, spite, evil motive and with a purpose to injure plaintiff.

## I. Jury Demand

15. Plaintiff requests a trial by jury.

## J. Prayer

16. For these reasons, plaintiff asks for judgment against defendant for the following:

   a. Reinstatement to his prior job and position;

   b. Back pay and front pay, including all employment benefits;

   c. Compensatory damages in the past, including emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life;

   d. Compensatory damages in the future, including economic losses, emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life;

   e. Exemplary damages;

   f. Attorney fees and courts costs; and

   g. All other relief the Court deems appropriate, at law and in equity.

Respectfully submitted,

BUSH LEWIS, PLLC
595 Orleans Street, Suite 500
Beaumont, TX 77701
409/835-3521
409/835-4194 (Fax)

By: /s/ Ken Lewis

Kenneth W. Lewis
Ken.L@bushlewis.com
Texas Bar #12295300
Stephen L. Townsend
Stephen.T@bushlewis.com
Texas Bar #24071539

ATTORNEYS FOR PLAINTIFF

4